DON SPRINGMEYER, ESQ. (SBN 1021)
BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
Email: bschrager@wrslawyers.com
Email: dbravo@wrslawyers.com

*Attorneys for Plaintiff Oscar Vargas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR VARGAS, an individual, on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OYSTER BAY RESTAURANT INC., a domestic corporation; and DOES 1 through 100, Inclusive,<br><br>Defendant. | Case No:<br><br>**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |

Plaintiff, OSCAR VARGAS (hereinafter referred to as "Plaintiff"), by and through his attorneys, Wolf, Rifkin, Shapiro, Schulman, & Rabkin, LLP, on behalf of himself and all others similarly situated, hereby brings this Collective Action Complaint against Defendant, OYSTER BAY RESTAURANT INC. (hereinafter referred to as "Defendant"), and states as follows:

**INTRODUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually and on behalf of all similarly situated persons employed by Defendant during the last three years, and arising from Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff and members of the putative FLSA collective class are current and

former hourly, non-exempt employees directly employed by Defendant during the last three years Class Members.

3. Plaintiff and Class Members were subjected to Defendant's policy and practice of failing to pay premium overtime wages at a rate of one-and-one-half (1.5) times the regular, hourly rate for hours worked in excess of forty (40) hours during a workweek.

4. Plaintiff and Class Members regularly worked more than forty (40) hours per workweek.

5. Defendant failed to pay Plaintiff and Class Members one-and-one-half (1.5) times the regular, hourly rate of pay for hours worked in excess of forty (40) hours during a workweek.

6. Accordingly, Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

7. Plaintiff seeks a declaration that his rights, and the rights of the Class Members, were violated, an award of unpaid wages, an award of liquidated damages, and award of attorneys' fees and costs to make Plaintiff whole for damages he suffered, and to ensure that Plaintiff and other workers will not be subjected by Defendant's illegal conduct in the future.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

9. Additionally, this Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

10. Defendant's annual sales exceed $500,000.000 and Defendant has more than two employees, so the FLSA applies in this case on an enterprise basis.

11. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

12. The Court has personal jurisdiction over Defendant because Defendant conducts

business within the state of Nevada, employs individuals within the state of Nevada, is registered with the Nevada Secretary of State, and maintains its principal place of business in the state of Nevada.

13. Personal jurisdiction also applies to Defendant because Defendant has purposefully availed itself of the privileges of conducting activities in the state of Nevada and established minimum contacts sufficient to confer jurisdiction over Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the Constitutional requirements of due process.

14. Venue is proper in this district because Defendant employs Plaintiff and Class Members in this district, and a substantial portion of the events forming the basis of this suit (including implementation of the illegal pay practices alleged in this litigation) occurred in this district.

**PARTIES**

**A.    Plaintiff**

15. Plaintiff OSCAR VARGAS is a natural person who is and was a resident of the State of Nevada at all times relevant herein, and has been as an hourly, non-exempt employee by the Defendant named herein since 2016. Plaintiff OSCAR VARGAS signed a consent form to join this lawsuit. (*See* **Exhibit 1**, Plaintiff Oscar Vargas' Consent to Join).

16. For labor relations purposes, Defendant constitutes the employer of Plaintiff and Class Members.

**B.    Defendant**

17. Plaintiff is informed and believes and thereon alleges that, at all times relevant to this action, Defendant OYSTER BAY RESTAURANT INC., doing business as Oyster Bay Seafood Restaurant and Wine Bar, was and is a Nevada corporation with a principal place of business at 3663 South Las Vegas Boulevard, Suite #560, Las Vegas, Nevada 89109. Upon information and belief, the Defendant named herein owns and operates the restaurant "Oyster Bay Seafood Restaurant and Wine Bar," located at 3663 South Las Vegas Boulevard, Suite

#560, and employs Plaintiff and Class Members, and is conducting business in good standing in the State of Nevada.

18.  At all times relevant to this action, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

19.  At all times relevant to this action, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20.  At all times relevant to this action, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

21.  At all times relevant to this action, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

22.  Plaintiff sue fictitious Defendants DOES 1 through 100, inclusive, as Plaintiff does not know their true names and/or capacities, and upon ascertainment, will amend the complaint with their true names and capacities. Plaintiff is informed and believes and on that basis alleges that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages were proximately caused by their conduct mentioned herein, each of the Defendants, including DOES 1 through 100, was an agent, joint-venturer, representative, alter ego, and/or employee of the other defendants, and was acting both individually and in the course and scope of said relationship at the time of the events herein alleged, and all aided and abetted the wrongful acts of the others.

## GENERAL ALLEGATIONS

**A.  Plaintiff Is A Non-Exempt Hourly Employee Subject To The Overtime Compensation Provisions Of The FLSA**

23.  The FLSA stands as a broad expression of Congressional policy that employers

4

1 must treat workers fairly in the workplace. That includes a statutory minimum wage and 2 mandatory overtime pay provisions, and it is backed up by a private right of action that 3 employees can assert against employers.

24. The FLSA's overtime provisions are at issue in this case.

25. Covered employers—those subject to the FLSA's reach, including Defendant—must pay premium overtime wages to each employee unless the employer can show that the employee is exempt from FLSA coverage.

26. Exemption from coverage is determined on an employee-by-employee basis, and the burden is on the employer to justify any claimed exemption.

27. At all times relevant to this action, Defendant employed Plaintiff as a line cook at Defendant's restaurant, and Plaintiff regularly performed routine mental, manual, and/or physical work.

28. At all times relevant to this action, Plaintiff and Class Members were employed to cook, prepare and serve food, and perform other general labor at Defendant's restaurant.

29. At all times relevant to this action, Defendant made all employment decisions directly affecting the Plaintiff and Class Members.

30. At all times relevant to this action, Defendant set Plaintiff's and Class Members' work schedules.

31. At all times relevant to this action, Plaintiff's and Class Members' work schedule varied from week to week.

32. At all times relevant to this action, Plaintiff and Class Members were paid on a per hour basis for a two-week pay period.

**B.  Defendant's Overtime Violations**

33. At all times relevant to this action, Defendant failed and/or refused to pay premium overtime wages to Plaintiff and Class Members for hours worked in excess of forty (40) hours during a workweek. *See, e.g.*, **Exhibit 2** (the "Vargas Pay Stubs").

34. The Vargas Pay Stubs *plainly* show that Plaintiff routinely worked more than

eighty (80) hours during numerous two-week pay periods but was paid his regular, hourly rate ($14.00) for each hour worked.

35. More specifically, the Vargas Pay Stubs reveal that Plaintiff:

  a. Worked 86.25 hours during the 12/17/2018-12/30/2018 pay period but was paid his regular, hourly rate ($14.00) for all hours worked.

  b. Worked 85.75 hours during the 12/03/2018-12/16/2018 pay period but was paid his regular, hourly rate ($14.00) for all hours worked.

  c. Worked 87.75 hours during the 11/05/2018-11/18/2018 pay period but was paid his regular, hourly rate ($14.00) for all hours worked.

  d. Worked 91.50 hours during the 10/08/2018-10/21/2018 pay period but was paid his regular, hourly rate ($14.00) for all hours worked.

  e. Worked 87.50 hours during the 09/24/2018-10/07/2018 pay period but was paid his regular, hourly rate ($14.00) for all hours worked.

  f. Worked 85.75 hours during the 09/10/2018-09/23/2018 pay period but was paid his regular, hourly rate ($14.00) for all hours worked.

36. The Vargas Pay Stubs—which are merely a representative sample and depict a small fraction of the uncompensated overtime hours that he worked—show that Plaintiff worked more than eighty (80) hours during numerous two-week pay periods and was paid a regular, hourly rate of $14.00 for each hour worked.

37. Upon information and belief, Defendant subjected Class Members to substantially similar overtime violations during class period.

38. Upon information and belief, Defendant's failure and/or refusal to pay premium overtime wages to Plaintiff and Class Members was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

39. As a result of Defendant's companywide payroll policy, Plaintiff and Class Members were not compensated premium overtime wages for all hours worked in excess of forty (40) hours during a workweek as required, and were not paid their wages due at the time those wages were due to be paid.

## **COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiff re-alleges and incorporates herein by this reference all the paragraphs

above in this complaint as though fully set forth herein.

41. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All current and former employees of Defendant in Nevada from February 19, 2016 to the present and that worked more than forty (40) hours in one or more workweeks and were not properly compensated under applicable federal law .*

(hereinafter referred to as the "Collective Class"). Plaintiff reserves the right to amend this definition as necessary.

42. The claims under the FLSA may be pursued by those who opt-in to this proposed Collective Class pursuant to 29 U.S.C. § 216(b).

43. Excluded from the proposed Collective Class are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

44. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, and/or plan; and (c) their claims are based upon the same factual and legal theories.

45. The employment relationships between Defendant and every Class Member is the same and differ only by name and rate of pay. The key issues—whether Defendant failed to properly pay Class Members overtime wages under the FLSA—do not vary substantially among the Class Members.

## COUNT I

**Violation Of The Fair Labor Standards Act,**

**29 U.S.C. § 201, *Et Seq.* -- Failure To Pay Overtime**

**(29 U.S.C. § 216(b) Collective Action)**

46. Plaintiff re-alleges and incorporates herein by this reference all the paragraphs

above in this complaint as though fully set forth herein.

47. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

48. At all times relevant to this action, Defendant was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

49. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

50. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

51. At all times relevant to this action, has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

52. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and all similarly situated current and former employees to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

53. Defendant failed to pay Plaintiff and all similarly situated current and former employees overtime wages as required by 29 U.S.C. § 207 of the FLSA.

54. In workweeks where Plaintiff and other Class Members worked in excess of forty (40) hours, Plaintiff and other Class Members should have been paid at the federally mandated rate of 150% of each employee's regularly, hourly wage rate. 29 U.S.C. § 207.

55. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily known that Plaintiff and other Class Members were non-exempt employees, and Defendant could have properly compensated Plaintiff and other Class Members.

56. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests an entry of an Order of the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

b. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all Class Members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class Members of their rights by law to join and participate in this lawsuit;

c. Designating Plaintiff as the representatives of the Collective Class, and undersigned counsel as class counsel for the same;

d. Declaring Defendant willfully violated the FLSA;

e. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the Collective Class the full amount of damages and liquidated damages available by law;

f. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

g. Awarding pre- and post-judgment interest to Plaintiff and the Collective Class on these damages; and

h. Awarding such other and further relief as this Court deems appropriate.

///
///
///
///
///
///
///

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this 7th day of February, 2019.

**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**

By: */s/ Bradley Schrager*
DON SPRINGMEYER, ESQ. (SBN 1021)
BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
Email: bschrager@wrslawyers.com
Email: dbravo@wrslawyers.com

*Attorneys for Plaintiff Oscar Vargas*